Jennifer Meredith (JM-4816)
Dariush Keyhani (DK-9673)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098
Facsimile (212) 202-3819

Attorneys for Plaintiffs



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

Mei L. Wang, Michael Y. J. Wang, Chun Fang
Wang,

                         Plaintiffs,

                v.

CYR International, Inc., Chew Young Roo
America, Inc., CYR USA, Inc., Chew Young
Roo, Inc., Chew Young Roo, Chew Young Roo
Eun Chan Lim

                    Defendants.

-------------------------------------------------------------x

07 cv 05462 (BSJ)
AMENDED
**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiffs Mei L. Wang, Michael Y.J. Wang, Chun Fang Wang, by their attorneys Meredith & Keyhani, PLLC, as and for its Complaint against Defendants alleges as follows:

## THE PARTIES

1.     Plaintiffs, Mei L. Wang, Michael Y.J. Wang, Chun Fang Wang ("Plaintiffs") are individuals with an address at 67-21 Woodside Avenue Ground Floor, Woodside, NY 11377-5063

2.      Upon information and belief, Defendant CYR International, Inc., is a California Corporation with a place of business at 3255 Wilshire Blvd., Suite 1416, Los Angeles, CA 90010.

3.      Upon information and belief, Defendant Chew Young Roo America, Inc. is a California Corporation with a place of business at 928 S. Western Avenue, #137, Los Angeles, CA 90006.

4.      Upon information and belief, CYR USA, Inc. is a California Corporation with a place of business at 3255 Wilshire Blvd. Suite 1416, Los Angeles, CA 90010.

5.      Upon information and belief, Defendant Chew Young Roo, Inc. (hereinafter "Chew Pennsylvania") is a corporation incorporated in the State of Pennsylvania with an address at 7050 Terminal Square #213, Upper Darby, PA 19082.

6.      Upon information and belief, Defendant Chew Young Roo (hereinafter "Chew First New Jersey") is a business operating under the name Chew Young Roo with a place of business at 570 Piermont Road, Closter, NJ 07624. The corporate status of Chew First New Jersey is currently unknown.

7.      Upon information and belief, Defendant Chew Young Roo (hereinafter "Chew Second New Jersey") is a business operating under the name Chew Young Roo with a place of business at 1550 Lemoine Avenue, Fort Lee, NJ 07024. The corporate status of Chew Second New Jersey is currently unknown.

8.      Upon information and belief, Defendant Eun Chan Lim is an individual with a place of business at 3255 Wilshire Blvd., Suite 1416, Los Angeles, CA 90010.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., and as is hereinafter more fully described.

10.    Plaintiffs operate in the tri-state area and specifically perform restaurant services for dining, catering and take-out of Chinese and Korean-Chinese food as well as restaurant and bar services.

11.    On information and belief, Defendants have committed acts of trademark infringement, trade dress infringement and unfair competition in this district.

12.    On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

13.    Plaintiffs repeats and re-alleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

14.    Plaintiffs own and operate a famous restaurant in the New York area serving Chinese and Korean-Chinese cuisine for almost twenty years.

15.    As a result of extensive marketing and promotion efforts, as well as the high quality of their food and service, Plaintiffs' mark are known and famous among consumers, including Korean consumers.

16.    Plaintiffs, Mei L. Wang and Michael Y.J. Wang, have a trademark registered before the United Stated Patent and Trademark Office which has been accorded registration number 3224337 (see attached Exhibit A).

17.    Plaintiffs have common law trademark rights in the Chinese, Korean and English characters of this mark as used in connection with restaurant and catering services in the tri-state area.

18.    On or about May 2006, Plaintiff Mei L. Wang received a phone call from her sister to inquire if she had opened a restaurant in California.

19.    Plaintiffs have now become aware that Defendants CYR International, Inc., Chew Young Roo America, Inc. and CYR USA, Inc. had (separately or acting in concert) been offering Chinese and/or Korean-Chinese cuisine in the California area.

3

20.    In the first part of 2007 and on or about mid-2006, various customers came to the New York restaurant congratulating Plaintiff Chun Fang Wang on his opening restaurants in Closter, New Jersey, Fort Lee, New Jersey and Upper Darby, PA. At this point, Plaintiffs became aware of Defendant Chew First New Jersey, Chew Second New Jersey, Defendant Chew Pennsylvania's intentions to open a restaurant under a name which clearly capitalizes on Plaintiffs' marks, reputation and goodwill.

21.    Plaintiffs received numerous inquiries from its customers and business associates inquiring about Plaintiff's affiliation with various Defendants.

22.    Defendants use trademarks (utilizing Chinese, Korean and English language designs) that are confusingly similar to Plaintiffs' Trademark.  See, for example, Exhibit C.  The English term "Chew Young Roo" is the English phonetic of and is confusingly similar to Plaintiffs trademarks, including trademark Registration 3224337. Defendants infringing use of Plaintiffs' mark and marks that are confusingly similar to Plaintiffs' marks has caused actual confusion among customers.

23.    On or about March 23, 2007, Plaintiffs' counsel sent various Defendants a cease and desist letter directing Defendants to refrain from using Plaintiff's trademark.

24.    Defendants have not ceased and desisted from using Plaintiffs' trademarks.

25.    Defendants' use of Plaintiffs' trademarks in connection with restaurant services is likely to cause confusion, mistake or deception among the relevant trade and public.

26.    Upon information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiffs, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiffs.

27.    Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through their respective trade dress and trademarks unless Defendants are restrained by this Court.

28.    Plaintiffs have no adequate remedy at law.

## COUNT I –TRADEMARK INFRINGEMENT

29.    Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 28 as through fully set forth herein

30.    Defendants' aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a) of Plaintiff's trademark rights.

31.    Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiffs when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

32.    Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 31 as though fully set forth herein.

33.    Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

34.    Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiffs as to the origin, sponsorship or approval of the services provided by Defendants.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35.    Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 34 as though fully set forth herein.

36.    Defendants' aforesaid activities constitute infringement of Plaintiffs' trademarks and unfair competition under the common law of the State of New York.

## COUNT IV- INFRINGMENT UNDER NEW YORK GENERAL BUSINESS LAW

37.    Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 36 as though fully set forth herein.

38.    Defendants aforesaid activities constitute false designation of origin in violation of Section § 360-k of Article 24 of the New York General Business Law.

39.    Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiffs as to the origin, sponsorship or approval of the services provided by Defendants.

## COUNT V – DILUTION AND UNFAIR COMPETION UNDER NEW YORK GENERAL BUSINESS LAW

40.    Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 39 as though fully set forth herein.

41.    Defendants aforesaid activities tarnish and dilute the goodwill and value of Plaintiffs' trademarks and constitute unfair competition in violation of Section § 360 of Article 24 of the New York General Business Law.

## COUNT VI – USE NAME WITH INTENT TO DECEIVE UNDER NEW YORK GENERAL BUSINESS LAW

42.    Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 41 as though fully set forth herein.

43.    Defendants aforesaid activities intend to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiffs as to the origin, sponsorship

6

or approval of the services provided by Defendants in violation of Section § 133 of Article 9-B of the New York General Business Law.

**WHEREFORE**, Plaintiffs pray that:

A.     Defendants, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as a preliminary injunction and permanently thereafter from:

1.     Using in any way or form Plaintiffs' trademarks or any colorable imitation of Plaintiffs' trademarks (a complete list of common law and federal trademarks is attached hereto as Exhibit B) in connection with Defendant's restaurant;

2.     Doing any other act or thing likely to, or calculated to, induce the belief that Defendants are in any way affiliated, connected or associated with Plaintiffs;

3.     Unfairly competing with Plaintiffs in any manner.

B.     Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to remove and destroy any signs, promotional materials, menus, advertisement posters and such that bear Plaintiffs' trademark (a complete list of common law and federal trademarks is attached hereto as Exhibit B);

C.     Plaintiffs recover the Defendants' profits, as well as the damages sustained by Plaintiffs due to Defendant's infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled.

D.     Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

E.     Awarding Plaintiffs such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

F.     Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements.

G.     Plaintiffs to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly triable by jury in this action.


Dated: July 2, 2007                    Respectfully Submitted,

Jennifer Meredith (JM-4816)
Dariush Keyhani (DK-4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098
(212) 202-3819 Facsimile
Attorneys for Plaintiffs

9

# EXHIBIT A

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,224,337
Registered Apr. 3, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



WANG, MICHAEL, Y. J. (UNITED STATES IN-
DIVIDUAL)
GROUND FLOOR
67-21 WOODSIDE AVENUE
WOODSIDE, NY 11377 AND
WANG, MEI, L. (UNITED STATES INDIVIDUAL)
GROUND FLOOR
67-21 WOODSIDE AVENUE
WOODSIDE, NY 11377

FOR: CARRY-OUT RESTAURANTS; CATERING;
RESTAURANT AND BAR SERVICES; RESTAU-
RANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND
101).

FIRST USE 10-7-1988; IN COMMERCE 10-7-1988.

THE MARK CONSISTS OF THREE CHINESE
CHARACTERS THAT TRANSLITERATE INTO
"CHU YING LO" AND TRANSLATE INTO ENG-
LISH AS "GATHER HERO PLACE" OR "A GATH-
ERING PLACE OF HEROES".

THE NON-LATIN CHARACTER(S) IN THE
MARK TRANSLITERATE INTO "CHU" (1ST CHAR-
ACTER), "YING" (2ND CHARACTER), "LO" (3RD
CHARACTER), AND THIS MEANS "GATHER" (1ST
CHARACTER), "HERO" (2ND CHARACTER),
"PLACE" (3RD CHARACTER) IN ENGLISH.

SER. NO. 78-736,786, FILED 10-20-2005.

SEAN CROWLEY, EXAMINING ATTORNEY

# EXHIBIT B







# EXHIBIT C



