IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mei L. Wang, Michael Y. J. Wang, Chun Fang Wang,<br><br>Plaintiffs,<br><br>v.<br><br>CYR International, Inc., Chew Young Roo America, Inc., CYR USA, Inc., Chew Young Roo, Inc., Chew Young Roo, Chew Young Roo, Eun Chan Lim,<br><br>Defendants. | Civil Action No.:<br><br>07-cv-05462 (BSJ)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR ENTRY OF DEFAULT JUDGMENT AND EXPEDITED RELIEF** |

**I.     Damages for Trademark Infringement and Related Claims**

The Amended Complaint seeks relief for trademark infringement and other claims arising under the Lanham Act and New York State law.  The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark[1] in connection with goods or services. 15 U.S.C. § 1117(c). Statutory damages may be awarded in the amount of: (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or

---

[1] A "counterfeit mark" mark is (1) a non-genuine mark which is identical with or substantially indistinguishable  from the registered mark;  (2) the registered mark is registered on the Principal Register for the same goods or services in connection with which the accused mark is being used; (3) the registered mark is in use; and (4) the accused use is not on or in connection with goods or services of which the producer, at the time of production, authorized by the holder of the mark to use the mark for those types of goods or services.   Thomas J. McCarthy, 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:94 (4th ed. 2006) citing the Lanham Act §§ 34(d)(1)(B), 45 15 U.S.C.A. §§ 1116(d)(1)(B), 1127.

services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. 15 U.S.C. § 1117(c). The statute "does not provide guidelines for courts to use in determining an appropriate award as it is only limited by what the court considers just." *Gucci America, Inc. v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, 520 (S.D.N.Y.2004) (Marrero, J.), quoting *Louis Vuitton Malletier v. Veit,* 211 F.Supp.2d 567, 583 (E.D. Pa. 2002) and 15 U.S.C. § 1117(c). Judge Marrero continued:

However, courts have found some guidance in the case law of an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which also provides statutory damages for willful infringement. *See, e.g., Louis Vuitton,* 211 F.Supp.2d at 583; *Sara Lee Corp. v. Bags of N.Y., Inc.,* 36 F.Supp.2d 161, 166 (S.D.N.Y.1999). Under the Copyright Act, courts look to factors such as: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.,* 807 F.2d 1110, 1117 (2d Cir.1986). *Gucci America,* 315 F.Supp.2d at 520. Moreover, where "a defendant is shown to have acted wilfully, a statutory damages award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *Rolex Watch U.S.A., Inc. v. Jones,* 2002 WL 596354, at *5 (S.D.N.Y. 2002) (Maas, M.J.), adopted without modification by Judge Cote on June 18, 2002. When a defendant has defaulted, then by virtue of its default it is deemed to be a willful infringer. *Rodgers v. Anderson,* 2005 WL 950021, at *3 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.); *Tiffany v. Luban,* 282 F.Supp .2d 123, 124-25 (S.D.N.Y. 2003) (Marrero, J.).

This Court has frequently awarded $1,000,000 per infringed mark. See *Nike, Inc. v. Top Brand Co. Ltd.,* 2006 WL 2946472 (S.D.N.Y. 2006) (Ellis, M.J.) (awarding $1,000,000 per infringed mark), adopted by Judge Wood on October 6, 2006; *Gucci*

*America, Inc. v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, n. 8 (S.D.N.Y. 2004) (Marrero, J.)(awarding $2,000,000 for two infringed marks under the Lanham Act and New York General Business Law § 349, but noting that "the maximum statutory damages was arguably higher than $2 million"); and *Phillip Morris USA, Inc. v. Marlboro Express,* 2005 WL 2076921, at *6 (E.D.N.Y. 2005) (Sifton, J.)(awarding $4,000,000 for four infringed marks, where it was estimated that the defendant's counterfeiting operation earned it $4,773,790 for at least 200,000 cartons of cigarettes). See *Louis Vuitton Malletier v. Veit,* 211 F.Supp.2d at 584-85 (E.D. Pa. 2002) (awarding a total of $1,000,000 for six Louis Vuitton marks); *Rolex Watch U.S.A., Inc. v. Brown,* 2002 WL 1226863, at *2 (S.D.N.Y. 2002) (Peck, M.J.)(awarding the $1,000,000 maximum statutory damage amount); *Rolex Watch U.S.A., Inc. v. Jones,* 2002 WL 596354, at *5 (S.D.N.Y. Apr. 17, 2002) (Maas, M.J.)(awarding $500,000 for nine Rolex marks and $100,000 for one Ralph Lauren mark).

The Second Circuit has held that evidence of actual confusion is clear evidence of a likelihood of confusion for the determination of trademark infringement. *Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 141, 51 U.S.P.Q.2d 1183 (2d Cir. 1999) ("evidence that confusion has actually occurred is of course convincing evidence that confusion is likely to occur."); *TCPIP Holding Co., Inc. v. Haar Communications, Inc., 244 F.3d 88*, 102, 57 U.S.P.Q.2d 1969 (2d Cir. 2001) ("When two marks have existed side by side in commerce, the evidence of actual confusion among consumers, or of absence of confusion, can be very helpful in determining whether a likelihood of confusion results from the junior's use of a mark similar to the senior mark."); *Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 151, 67 U.S.P.Q.2d 1420 (2d Cir. 2003) ("It is self-evident that the existence of actual consumer confusion indicates a likelihood of consumer confusion."):

Plaintiffs have been in the business of dining, catering and take-out Chinese and Korean-Chinese food in the New York tri-state area using the registered trademark CHU YING LO ("Plaintiffs' Trademark") for almost twenty-one (21) years (see Affidavit of Michael Y.J. Wang (hereinafter "Wang Aff.") ¶ 3). Because of the recognized high quality of Plaintiffs' restaurant, food, dinning and catering services as well as extensive

marketing and promotional efforts over many years, Plaintiffs' business and associated CHU YING LO trademark have become famous and well-known for many years among customers of Chinese and Korean-Chinese food in the New York tri-state area (Wang Aff. ¶ 5).

Defendants were well aware of the Plaintiffs' restaurant and services and Plaintiffs' Trademark when they decided to incorporate the identical mark for the same restaurant business and services (Wang Aff. ¶ 9). The Defendants have willfully infringed and continue to infringe Plaintiffs' Trademark by aggressively targeting Plaintiffs' customers Plaintiffs' mark on TV, radio and daily newspapers in the New York tri-state area (Wang Aff. ¶ 10). Defendants' use of Plaintiffs' Trademark has caused irreparable harm and damage to Plaintiffs and their business (Wang Aff. ¶¶ 6-14). This is one of those rare cases where there exists evidence of actual consumer confusion including dozens of customers having contacted the Plaintiffs inquiring as to whether Defendants' restaurants were affiliated with the Plaintiffs (Wang Aff. ¶¶ 6-8 and attached **Exhibit A**, record of confused consumers).

## II.   Attorney's Fees and Costs

The Second Circuit has held that: The Lanham Act authorizes the award of attorney's fees to prevailing parties in "exceptional cases," 15 U.S.C. § 1117(a), which this court has interpreted to mean instances of "fraud or bad faith," *Twin Peaks Productions v. Publications International, Ltd .,* 996 F.2d 1366, 1383 (2d Cir.1993) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1004 (9th Cir.1985)), or "willful infringement," *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 854 (2d Cir.1995). *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* 317 F.3d 209, 221 (2d Cir. 2003). Attorney's fees may also be awarded under the Lanham Act. *See Rodgers v. Anderson,* 2005 WL 950021, at *4 (S.D.N.Y. 2005) (Peck, M.J.) (citing cases). Many decisions have awarded attorneys' fees where the damage award is pursuant to § 1117(c). *See, e.g., Tiffany (NJ) Inc. v. Luban,* 282 F.Supp.2d at 125 (*Gucci* judge awards attorneys' fees without discussion); *Rolex Watch U.S.A., Inc. v. Jones,* 2002 WL 596354 at *6; *Sarah Lee Corp. v. Bags of New York, Inc.,* 36 F.Supp.2d at 170-71.

4

A willful infringement may be considered an exceptional case under the Lanham Act.")(citing Second Circuit authority); *GTFM, Inc. v. Solid Clothing Inc.,* 215 F.Supp.2d 279, 305-06 (S.D.N.Y. 2002) (" 'Exceptional' circumstances include willful infringement...."); *Rolex Watch U.S.A., Inc. v. Brown,* 2002 WL 1226863 at *3 (citing cases). Defendants' willful acts have resulted in substantial and irreparable injuries to Plaintiffs as well as costs and attorney's fees to enforce its rights. Plaintiffs cannot be made whole unless Defendants are required to pay damages as demanded in the Amended Complaint.

**III.    Conclusion**

Based on the foregoing, Plaintiffs respectfully urge this Court to enter the proposed Order to Show Cause Judgment against the Defendants.

Date:  October 25, 2007

s/ Dariush Keyhani_____
Dariush Keyhani (DK 9673)
Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Attorneys for Plaintiffs