Dariush Keyhani (DK-9673)
Jennifer Meredith (JM-4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098
Facsimile (212) 202-3819
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
Mei L. Wang, Michael Y. J. Wang, Chun Fang )
Wang, )
 )        **SECOND AMENDED**
       Plaintiffs, )        **COMPLAINT**
 )
 )
       v. )        07 CV 05462 (BSJ)(FM)
 )
 )        **JURY TRIAL**
CYR International, Inc., Chew Young Roo )        **DEMANDED**
America, Inc., CYR USA, Inc., Chew Young )
Roo, Inc., Chew Young Roo, Chew Young Roo, )
Eun Chan Lim, Chew Young Roo, Inc., )
Chew Young Roo, Inc., C&Tel, CYR CO., )
LTD., Sung Soo Park, )
 )
       Defendants. )
---------------------------------------------------------------x

Plaintiffs Mei L. Wang, Michael Y.J. Wang, Chun Fang Wang (hereinafter collectively "Plaintiffs"), by their attorneys Meredith & Keyhani, PLLC, as and for its Complaint against Defendants alleges as follows:

## THE PARTIES

1. Plaintiffs, Mei L. Wang, Michael Y.J. Wang, Chun Fang Wang are individuals with an address at 67-21 Woodside Avenue Ground Floor, Woodside, NY 11377-5063.

2. Upon information and belief, Defendant CYR International, Inc., is a California Corporation with a place of business at 3255 Wilshire Blvd., Suite 1416, Los Angeles, CA 90010.

3. Upon information and belief, Defendant Chew Young Roo America, Inc. is a California Corporation with a place of business at 928 S. Western Avenue, #137, Los Angeles, CA 90006.

4. Upon information and belief, CYR USA, Inc. is a California Corporation with a place of business at 3255 Wilshire Blvd. Suite 1416, Los Angeles, CA 90010.

5. Upon information and belief, Defendant Chew Young Roo, Inc. (hereinafter "Chew Young Roo Pennsylvania") is a corporation incorporated in the State of Pennsylvania with an address at 7050 Terminal Square #213, Upper Darby, PA 19082 (hereinafter "Chew Young Roo Pennsylvania").

6. Upon information and belief, Defendant Chew Young Roo is a business operating under the name Chew Young Roo with a place of business at 570 Piermont Road, Closter, NJ 07624 (hereinafter "Chew Young Roo Closter, NJ").

7. Upon information and belief, Defendant Chew Young Roo is a business operating under the name Chew Young Roo with a place of business at 1550 Lemoine Avenue, Fort Lee, NJ 07024 (hereinafter "Chew Young Fort Lee, NJ").

8. Upon information and belief, Defendant Eun Chan Lim is an individual with a place of business at 3255 Wilshire Blvd., Suite 1416, Los Angeles, CA 90010.

9. Upon information and belief, Eun Chan Lim is an individual and an owner and/or a president of Defendant CYR International, Inc.

10. Upon information and belief, Defendant Chew Young Roo, Inc. is a Georgia corporation operating under the name Chew Young Roo with a place of business at 10820 Abbotts Bridge Rd, Duluth, GA 30097 (hereinafter "Chew Young Roo Georgia One").

11. Upon information and belief, Defendant Chew Young Roo, Inc. is a business operating under the name Chew Young Roo with a place of business at 2550 Pleasant Hill Road, Duluth, GA 30096 (hereinafter "Chew Young Roo Second Georgia Two").

12. Upon information and belief, Defendant Chew Young Roo, Inc. is a South Korean corporation having a place of business at 599-1, Makgeum-dong, Paju, Kyonggi-do,

Seoul, Korea or at 120-1 Chew Young Roo Bld. Karak-dong, Songpa-Ku, Seoul, Korea (hereinafter "Chew Young Roo Korea").

13.  Upon information and belief, Defendant Sung Soo Park is a CEO of Defendant Chew Young Roo Korea, residing in Seoul, Korea.

14.  Upon information and belief, Defendant CYR CO., LTD. is an alter ego of Defendant Chew Young Roo Korea.

15.  Upon information and belief, Defendant C&Tel is another alter ego of Defendant Chew Young Roo Korea.

## JURISDICTION AND VENUE

16.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., and as is hereinafter more fully described.

17.  On information and belief, Defendants have committed acts of trademark infringement, trade dress infringement and unfair competition in this district.

18.  On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

19.  Plaintiffs repeats and re-alleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

20.  Plaintiffs own and operate a famous restaurant in the New York area serving Chinese and Korean-Chinese cuisine for almost twenty years.

21.  As a result of extensive marketing and promotion efforts, as well as the high quality of their food and service, Plaintiffs' trademark, Choo Young Roo/Chu Ying Lo trademark is well known and famous among consumers in the New York tri-state area and has have been registered as Plaintiffs' trademarks with the New York State Department of State.

22.  Plaintiffs, Mei L. Wang and Michael Y.J. Wang, have a trademark registered for Chu Ying Chinese Restaurant (the transliteration of the Chinese characters and

pronounced Choo Young Roo in Korean Hangul) as before the United Stated Patent and Trademark Office which has been accorded registration number 3224337 for their .

23. Plaintiffs have common law trademark rights in the Chinese, Korean and English characters Choo Young Roo/Chu Ying Lo Chinese restaurant trademark as used in connection with restaurant and catering services in the tri-state area.

24. On or about May 2006, Plaintiff Mei L. Wang received a phone call from her sister to inquire if she had opened a restaurant in California.

25. Plaintiffs have now become aware that Defendants CYR International, Inc., Chew Young Roo America, Inc. and CYR USA, Inc. have been offering Chinese and/or Korean-Chinese cuisine in the California area.

26. Upon information and belief, Defendant Sung Soo Park, the CEO of Defendant Chew Young Roo Korea, individually and in concert with Defendant Chew Chew Young Roo Korea hae specifically caused, sponsored, contributed, supported and or encouraged Defendants' unlawful activity in the United States against Plaintiffs.

27. Upon information and belief, Defendant Sung Soo Park traveled to the U.S. in the capacity of CEO of C&Tel to promote Chew Korea in the U.S.

28. Upon information and belief, in 2006, Defendant Sung Soo Park and Defendant Chew Korea signed an agreement with Mississippi State University to develop offerings specifically geared toward American consumer.

29. Upon information and belief, Defendant Sung Soo Park and Defendant Chew Korea have entered and have been continuously engaged in commercial activity U.S. markets since at least 2005.

30. Upon information and belief, Defendant Chew Young Roo Closter New Jersey has been paying royalties to Chew Young Roo Korea.

31. In the first part of 2007 and on or about mid-2006, various customers came to the Plaintiff New York restaurant congratulating Plaintiff Chun Fang Wang on his opening restaurants in Closter, New Jersey, Fort Lee, New Jersey and Upper Darby, PA.  capitalizes on Plaintiffs' marks, reputation and goodwill.

32. Plaintiffs have received numerous inquiries from its customers and business associates inquiring about Plaintiff's affiliation with various Defendants.

33. Defendants use a trademark that is confusingly similar to Plaintiff's trademark.

34. Defendants' infringing use of Plaintiffs' marks that are confusingly similar to Plaintiffs' marks has caused actual confusion among customers.

35. On or about March 23, 2007, Plaintiffs' counsel sent various Defendants cease and desist letter directing Defendants to immediately refrain from using Plaintiffs' trademarks.

36. Defendants have not ceased and desisted from using Plaintiffs' trademarks.

37. Defendants' use of Plaintiffs' trademarks in connection with restaurant services is likely to cause confusion, mistake or deception among the relevant trade and public.

38. Upon information and belief, Defendants are engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of Plaintiffs, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendants' services are associated with, affiliated with, or licensed by Plaintiffs.

39. CYR International, Inc. and other Defendants sell frozen food products including dumplings (to supermarkets and other outlets) in the New York tri-state area and other markets using Plaintiffs' Chew Young Roo trademark.

40. Plaintiffs have suffered, are suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through their respective trade dress and trademarks unless Defendants are restrained by this Court.

41. Plaintiffs have no adequate remedy at law.

## COUNT I –TRADEMARK INFRINGEMENT

42. Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 41 as through fully set forth herein

43. Defendants' aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a) of Plaintiff's trademark rights.

44. Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendants are related to, connected to, or approved by Plaintiffs when in fact they are not.

### COUNT II – FALSE DESIGNATION OF ORIGIN

45. Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 44 as though fully set forth herein.

46. Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

47. Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiffs as to the origin, sponsorship or approval of the services provided by Defendants.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

48. Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 47 as though fully set forth herein.

49. Defendants' aforesaid activities constitute infringement of Plaintiffs' trademarks and unfair competition under the common law of the State of New York.

### COUNT IV- INFRINGMENT UNDER NEW YORK GENERAL BUSINESS LAW

50. Plaintiffs repeats each and every allegation set forth herein in paragraphs 1 through 49 as though fully set forth herein.

51. Defendants aforesaid activities constitute false designation of origin in violation of Section § 360-k of Article 24 of the New York General Business Law.

52. Defendants' use of Plaintiffs' trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation,

connection, or association between Defendants and Plaintiffs as to the origin, sponsorship or approval of the services provided by Defendants.

### COUNT V – DILUTION AND UNFAIR COMPETION UNDER NEW YORK GENERAL BUSINESS LAW

53.     Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 52 as though fully set forth herein.

54.      Defendants aforesaid activities tarnish and dilute the goodwill and value of Plaintiffs' trademarks and constitute unfair competition in violation of Section § 360 of Article 24 of the New York General Business Law.

### COUNT VI – USE NAME WITH INTENT TO DECEIVE UNDER NEW YORK GENERAL BUSINESS LAW

55.     Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 54 as though fully set forth herein.

56.     Defendants  aforesaid activities intend to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiffs as to the origin, sponsorship or approval of the services provided by Defendants in violation of Section § 133 of Article 9-B of the New York General Business Law.

### COUNT VII- VIOLATION UNDER RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

57.     Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 though 56 as though fully set forth herein.

58.     Defendants deliberately conspired against Plainitffs in violation of 18 U.S.C. § 1961 et seq., and, therefore, Defendants' concerted activities have caused Plaintiffs severe financial loss and loss of goodwill.

**WHEREFORE**, Plaintiffs pray that:

A.  Defendants, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as a preliminary injunction and permanently thereafter from:

   1.  Using in any way or form Plaintiffs' trademarks or any colorable imitation of Plaintiffs' trademarks (a complete list of common law and federal trademarks is attached hereto as Exhibit B) in connection with Defendant's restaurant;

   2.  Doing any other act or thing likely to, or calculated to, induce the belief that Defendants are in any way affiliated, connected or associated with Plaintiffs;

   3.  Unfairly competing with Plaintiffs in any manner.

B.  Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to remove and destroy any signs, promotional materials, menus, advertisement posters and such that bear Plaintiffs' trademark;

C.   Plaintiffs recover the Defendants' profits, as well as the damages sustained by Plaintiffs due to Defendant's infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled.

D.  Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

E. Awarding Plaintiffs such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

F. Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements.

G. Plaintiffs to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly triable by jury in this action.

Dated: December 21, 2007        Respectfully Submitted,

s/Dariush Keyhani
Dariush Keyhani (DK-4816)
Jennifer Meredith (JM-4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098
(212) 202-3819 Facsimile
Attorneys for Plaintiffs