UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| MEI L. WANG, et al., | : | **REPORT AND RECOMMENDATION TO THE HONORABLE BARBARA S. JONES** |
| Plaintiffs, | : | |
| -against- | : | 07 Civ. 5462 (BSJ) (FM) |
| CYR INTERNATIONAL, et al., | : | |
| Defendants. | : | |

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/2008

**FRANK MAAS**, United States Magistrate Judge.

This trademark action has been brought by the owners of a restaurant operating under the Chew Young Roo and Chu Ying Lo trademarks which also does catering. The Plaintiffs allege that the defendants, including Chew Young Roo, Inc., a South Korean corporation ("CYR-Korea"), have infringed their trademarks through their activities in the United States.

CYR-Korea has been represented in this action by Eric Weinstein and Yong Hak Kim, of the firm of Feldman, Weinstein, & Smith ("FWS"), which, among other activities, has answered the second amended complaint and counterclaimed on CYR-Korea's behalf. After some initial settlement discussions, I eventually directed that a further settlement conference be held with a representative of CYR-Korea in attendance on October 27, 2008. On that date, the parties were unable to proceed because a representative of CYR-Korea did not appear. In addition, several days earlier, Mr.

Weinstein advised the Court that he had filed a motion to withdraw based on CYR-Korea's nonpayment of FWS's fees.

Accordingly, on October 27, 2008, I issued an order directing CYR-Korea to show cause on November 14, 2008 why: (a) FWS should not be relieved from any further obligation to represent CYR-Korea; (b) CYR-Korea should not be required to have successor counsel file a notice of appearance in this matter by December 5, 2008; and (c) CYR-Korea should not be required to pay the reasonable attorney's fees incurred by the other parties as a result of their appearance at the aborted settlement conference. The order to show cause also directed that any papers in opposition to FWS's motion to withdraw as counsel be served and filed no later than November 11, 2008.

The order to show cause further stated as follows:

**CYR-KOREA IS CAUTIONED THAT A FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING, BUT NOT LIMITED TO, THE ENTRY OF AN ORDER RELIEVING FWS, AND EACH OF ITS ATTORNEYS, FROM ANY DUTY OF FURTHER REPRESENTATON OF CYR-KOREA.**

**CYR-KOREA IS FURTHER CAUTIONED THAT CORPORATIONS CAN APPEAR IN FEDERAL COURT ONLY THROUGH COUNSEL. See PIC Power Indus., Ltd. v. Cook-N-Throw, Inc., No. 00 Civ. 9119 (THK), 2001 WL 840073, at \*2 (S.D.N.Y. July 25, 2001); Arch Assocs., Inc. v. HuAmerica Int'l, Inc., No. 93 Civ. 2168 (PKL), 1994 WL 319257, at \*1 (S.D.N.Y. June 29, 1994). ACCORDINGLY, IF CYR-KOREA FAILS TO APPEAR ON NOVEMBER 14, 2008 OR SUCCESSOR COUNSEL DOES NOT FILE A NOTICE OF**

**APPEARANCE ON BEHALF OF CYR-KOREA BY DECEMBER 5, 2008, I LIKELY WILL RECOMMEND TO JUDGE JONES THAT A DEFAULT JUDGMENT BE ENTERED AGAINST CYR-KOREA.**

FWS was directed to serve a copy of the order, as well as FWS's motion papers, on CYR-Korea by email and overnight courier. FWS filed proof of such service, but CYR-Korea has not responded to the order to show cause, nor has successor counsel appeared on its behalf. Accordingly, I have today entered an order relieving FWS from any further obligation to represent CYR-Korea in this case. In addition, I recommend that a default judgment be entered against CYR-Korea for the reasons set forth above.

<u>Notice of Procedure for Filing of Objections to this Report and Recommendation</u>

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Barbara S. Jones and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Jones. The failure to file these timely objections will result in a waiver of those

objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:    New York, New York
          December 5, 2008

                                            _____
                                            FRANK MAAS
                                            United States Magistrate Judge

Copies to:

Dariush Keyhani, Esq.
Meredith & Keyhani, PLLC
Fax: (212) 202-3819

Eric Weinstein, Esq.
Feldman Weinstein & Smith LLP
Fax: (212) 997-4242

Daniel T. Hughes, Esq.
Litchfield Cavo LLP
Fax: (212) 434-0105